# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-10-CV-341-XR |
| | § | |
| ALBERT ROD KENNEDY and RODRIGO G. GAONA, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

On this date, the Court considered the United States' Motion for Summary Judgment Against Rodrigo Gaona (Docket Entry No. 12) and Motion for Summary Judgment Against Albert Kennedy (Docket Entry No. 13). For the following reasons, the motions for summary judgment against both Defendants are GRANTED.

### Factual Background

In 1998 or 1999, Defendants Rodrigo Gaona and Albert Kennedy, along with another individual George Forero, founded the company M.S. Patrol, Inc. Gaona, Kennedy, and Forero were the only officers of the company and the only members of the company's board of directors. Beginning in 2000, M.S. Patrol failed to pay over to the government payroll taxes that it had collected from its employees. Gaona was aware of the company's failure to pay the taxes from the first instance when they were not paid. Kennedy learned of the unpaid taxes in 2003 or 2004. Gaona and Kennedy jointly hired the law firm American Tax Relief to resolve the situation with the unpaid taxes. American Tax Relief ultimately did not resolve the dispute, purportedly because of Forero's failure

1

to file his personal tax returns. M.S. Patrol continued to operate during that period. Gaona and Kennedy then hired the law firm Roni Lynn Deutch to continue attempts to resolve the unpaid taxes with the IRS. Shortly thereafter, in 2006, Gaona and Kennedy decided to cease M.S. Patrol's operations. No compromise was ever reached with the IRS.

On February 15, 2007 and June 11, 2008, a delegate of the Secretary of the Treasury made assessments against and gave notice and demand for payment to both Albert Kennedy and Rodrigo Gaona. The assessments represent the Defendants' purported liability for the unpaid employment taxes for M.S. Patrol under 26 U.S.C. § 6672. Both Defendants refused to pay the full amount of the assessments. The Government asserts that Kennedy owes a total of $326,101.01 plus interest and statutory additions, and that Gaona owes a total of $381,230.72 plus interest and statutory additions. The Government also seeks a ten percent surcharge for the cost of litigation, pursuant to 28 U.S.C. § 3011.

**Procedural History**

The United States filed a complaint with this Court on May 3, 2010, seeking to recover the unpaid taxes pursuant to 26 U.S.C. § 6672.[1] Kennedy filed an answer and cross-claim against Gaona on June 4, 2010.[2] Gaona filed an answer to the complaint and Kennedy's cross-claim on June 15, 2010.[3] The government filed a motion for summary judgment against Gaona on March 7, 2011,[4] and

---

[1] Pl.'s Orig. Compl., May 3, 2010 (Docket Entry No.1).

[2] Kennedy's Orig. Ans. and Cross-Claim, Jun. 4, 2010 (Docket Entry No. 6).

[3] Gaona's Orig. Ans., Jun. 15, 2010 (Docket Entry No. 8).

[4] Pl.'s Mot. for Summ. J. against Gaona, Mar. 7, 2011 (Docket Entry No. 12).

a motion for summary judgment against Kennedy on March 11, 2011.[5] Gaona filed no response to the government's motion. Kennedy filed a response on March 22, 2011,[6] and the government filed a reply on April 4, 2011.[7] With the Court's permission, Kennedy filed a sur-reply on April 29, 2011.[8]

**Legal Standard**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson*, 477 U.S. at 248; *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). A fact is "material" if its resolution in favor of one party might affect the outcome of the case. *Anderson*, 477 U.S. at 248; *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002).

The burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case." *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the moving party meets its initial burden, the nonmoving party "must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e); *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th

---

[5]Pl.'s Mot. for Summ. J. against Kennedy, Mar. 11, 2011 (Docket Entry No. 13).

[6]Kennedy's Resp. to Pl.'s Mot. for Summ. J. against Kennedy, Mar. 22, 2011 (Docket Entry No. 15).

[7]Pl.'s Reply to Kennedy's Resp. to Pl.'s Mot. for Summ. J. against Kennedy, Apr. 4, 2011 (Docket Entry No. 17).

[8]Kennedy's Sur-Reply to Pl.'s Reply, Apr. 29, 2011 (Docket Entry No. 20).

Cir. 1994). To avoid summary judgment, the nonmoving party must adduce admissible evidence that creates a fact issue concerning the existence of every essential component of that party's case and unsubstantiated assertions of actual dispute will not suffice. *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). The opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991). The Court reviews all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009). A motion for summary judgment cannot be granted simply because there is no opposition. *Ford-Evans v. Smith*, 206 Fed. Appx. 332, 334 (5th Cir. 2006).

**Analysis**

Employers are required to withhold their employees' share of federal income taxes and FICA taxes from the employees' wages. 26 U.S.C. §§ 3102(a), 3402(a). The employer then holds those funds in trust for the benefit of the United States. 26 U.S.C. § 7501(a); *Slodov v. United States*, 436 U.S. 238, 242-43 (1978); *Howard v. United States*, 711 F.2d 729, 733 (5th Cir. 1983). Employers are required to pay those withheld funds to the United States. *Slodov*, 436 U.S. at 324; *Wood v. United States*, 808 F.2d 411, 414 (5th Cir. 1987). Individual employees are given credit for paying the taxes regardless of whether they are paid by the employer and thus cannot be held liable. *Id.*

The government may seek to collect the amount of the unpaid taxes from the employer or from the individuals responsible for the collection and nonpayment of the taxes. *Id.* Responsible persons may be held liable pursuant to 26 U.S.C. § 6672(a):

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or

> the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over...

In order to establish liablility against an individual under § 6672, the government must prove that the individual is a "responsible person" as defined by the statute, and that the individual willfully failed to collect, truthfully account for, or pay over the taxes. *Barnett v. Internal Revenue Service*, 988 F.2d 1449, 1453 (5th Cir. 1993). Any person required to collect, truthfully account for, or pay over any tax may be liable under the statute; the person need not satisfy all three qualifications. *Slodov*, 436 U.S. at 250. A factfinder's discretion in the responsibility determination is narrow, and courts regularly find responsibility as a matter of law. *Barnett*, 988 F.2d at 1455 n. 10.

**A. Responsible Person**

The Fifth Circuit takes "a broad view of who is a responsible person under § 6672." *Logal v. United States*, 195 F.3d 229, 232 (5th Cir. 1999) (citing *Barnett*, 988 F.3d at 1454). There are six factors to be considered in determining whether an individual is a responsible person.

> We ask whether such a person (i) is an officer or member of the board of directors; (ii) owns a substantial amount of stock in the company; (iii) manages the day-to-day operations of the business; (iv) has the authority to hire or fire employees; (v) makes decisions as to the disbursement of funds and payment of creditors; (vi) possesses the authority to sign company checks.

*Barnett*, 988 F.3d at 1455. Thus, an individual can be a responsible person even if he is not the person directly responsible for paying taxes or managing the finances of the company. *See id.* The crucial issue is whether an individual has the status, duty, power, and authority required to cause the taxes to be paid, regardless of whether or not he exercised it. *Wood*, 808 F.2d at 415; *Howard*, 711 F.2d at 734. It is relevant both whether the individual had the "actual authority or ability, in view of his status within the corporation, to pay the taxes owed," as well as whether he "could have had

'substantial' input" into the decisions at issue if he had wished to exercise his authority. *Barnett*, 988 F.2d at 1454-55.

A responsible person need not have the sole or final duty and authority to remit the taxes. *Neckles v. United States*, 579 F.2d 938, 940 (5th Cir. 1978). The law applies to any responsible persons, not just the most responsible person. *Barnett*, 988 F.2d at 1455 (citing *Howard*, 711 F.2d at 737). "There may be – indeed, there usually are - multiple responsible persons in any company." *Barnett*, 988 F.2d at 1455.

**1. Rodrigo Gaona**

Gaona's deposition testimony is the only evidence submitted by the government on the issue of his liability, and he has presented no evidence to counter it. With regard to his responsibility, Gaona testified that during the relevant time period, he was president, chairman of the board, and partial owner of M.S. Patrol.[9] It appears that he held 47.5 percent of the stock, and it is clear that he held at least 33 percent.[10] He also stated that he had the authority to hire and fire employees, although he did not do so because Kennedy and Forero handled the hiring and firing.[11] He also had the authority to "direct authorized payment of bills"; "deal with major supplies and customers"; "negotiate corporate purchases, contracts, loans"; "open and close bank accounts"; "sign checks"; "guarantee, cosign corporate bank loans"; "make authorized bank deposits"; "authorize payroll checks"; "prepare federal tax returns"; "review federal tax returns"; and "determine company

---

[9] Deposition of Rodrigo Gaona 41:18-44:14, Jan. 31, 2011 (attached as Exhibit 1 to Pl.'s Mot.).

[10] *Id.* 62:5-8.

[11] *Id.* 44:21-45:5.

6

financial policy."[12] He further stated that, although he and Kennedy both authority to do so, Gaona was the only one responsible for preparing and paying quarterly payroll tax returns for M.S. Patrol.[13] Finally, Gaona testified that he and Kennedy were responsible for making the ultimate decisions about the business.[14] He and Kennedy together decided to terminate the business in 2006 when it was no longer financially feasible to continue operating.[15]

The foregoing evidence clearly establishes that Gaona was a "responsible person" under 26 U.S.C. § 6672. *See Barnett*, 988 F.3d at 1455. Gaona has submitted no evidence to the contrary. Accordingly, there is no issue of material fact regarding Gaona's responsible person status.

## 2. Albert Kennedy

The government argues that Kennedy is a responsible person because he satisfies each of the six indicia of responsibility identified in *Barnett*.[16] 988 F.3d at 1455. Kennedy argues that he is not a responsible person because he had only nominal, if any, power, authority, and control over M.S. Patrol's finances and disbursements, and he did not have each of the six *Barnett* indicia of responsibility.[17] The government argues that he need not have all six indicia of responsibility in order to be a responsible person.[18] The government also argues that Kennedy may be a responsible person

---

[12]*Id.* 46:1-49:13.

[13]*Id.* 21:7-15.

[14]*Id.* 70:2-11.

[15]*Id.* 27:20-25.

[16]Def.'s Mot. against Kennedy at 7.

[17]Kennedy's Resp. at 5.

[18]Def.'s Reply at 2.

even if he did not have the sole or final power or authority, and even if Gaona is considered to be more responsible than Kennedy.[19]

To dispute his responsible person status, Kennedy relies on the fact that he owned only 5% of the company's stock, as compared to Gaona and Forero who each owned 47.5%.[20] However, the government has presented evidence to suggest that Kennedy may have owned 33% of the stock, rather than only the 5% that he claimed.[21] Kennedy also argues that he was Vice President of Marketing for M.S. Patrol, responsible for managing business and getting clients,[22] whereas Gaona was President and Treasurer and had responsibility for financial matters.[23] In his sur-reply, Kennedy also argues that Gaona "kept the financial documents of M.S. Patrol under lock and key during the periods at issue in this case," and thus Kennedy had no physical access to M.S. Patrol's financial documents, no ability to determine who its creditors were, and no direct access to company checks without Gaona's permission.[24]

Gaona testified that the company's financial records were kept "under lock and key," but Gaona did not know whether Kennedy had the key to access them, or whether Kennedy had access

---

[19] Def.'s Mot. against Kennedy at 5-6.

[20] Deposition of Albert Kennedy 10:13-15, Jan. 31, 2011 (Ex. A. to Kennedy's Resp.); Minutes of Organizational Board Meeting of M.S. Patrol 3, Jun. 1, 1998 (Ex. C. To Kennedy's Response).

[21] U.S. Corporation Income Tax Return, signed Sep. 22, 2003, at Schedule E (attached as Ex. 3 to Pl.'s Mot. against Kennedy).

[22] Kennedy Dep. 17:7-11

[23] *Id.* 13:17-24; Gaona Depo. 77:19-78:16.

[24] Kennedy's Sur-Reply at 2;

to the key which was kept in a desk in the corporate office space.[25] He further testified, however, that Kennedy had a key to Gaona's desk where the company's checks were kept, and on occasion Gaona would unlock the desk to get a check for Kennedy.[26] On other occasions Kennedy would tell Gaona that he needed a check, Gaona would say okay, and Kennedy would get it.[27]

The disputes regarding Kennedy's access to financial records and checks, and regarding his percentage of stock ownership, are not dispositive of his responsible person status. An individual may qualify as a responsible person even if he does not have knowledge that he has the requisite duty and authority. *Barnett*, 988 F.2d at 1454. "The crucial inquiry is whether a party...by virtue of his position in (or vis-a-vis) the company, could have had 'substantial input' into such decisions, had he wished to exert his authority." *Id.* Considering the other evidence presented, there is no fact issue regarding whether Kennedy is a responsible person under the statute.

Kennedy argues that "a majority of the *Barnett* factors are in doubt in this case," specifically that "there are disputes as to whether Kennedy managed the day-to-day operations of the business, whether Kennedy made decisions as to the disbursement of funds and the payment of employees, and whether Kennedy had the authority to unilaterally hire and fire employees."[28] Kennedy's own deposition testimony negates this argument. Even if Kennedy owns only a small percentage of the company's stock, he is a Vice-President of M.S. Patrol and one of only three members of its board of directors. *See Barnett*, 988 F.3d at 1455. Kennedy himself testified that he, Gaona, and Forero

---

[25]Gaona Dep. 79:12-80:3

[26]*Id*. 115:20-116:11.

[27]*Id.* 116:12-18.

[28]Kennedy's Sur-Reply at 2.

9

made major decisions about the company together.²⁹ He testified that he had the authority to hire, fire, and manage employees.³⁰ He had the authority to authorize paying bills, authorize payroll checks, make bank deposits, deal with major customers and suppliers, and negotiate contracts.³¹ He and Gaona together opened and closed the corporate bank accounts, and both had the authority to sign checks.³² *See id.*

Considering the foregoing evidence with reference to *Barnett*'s six indicia of responsibility, Kennedy clearly qualifies as a responsible person for purposes of 26 U.S.C. § 6672. *See id.* Kennedy has only unsupported arguments, but no contradicting evidence, in his briefing. Accordingly, no issue of material fact remains as to Kennedy's responsible person status.

**B. Willful Failure to Collect, Truthfully Account For, or Pay Taxes**

The government argues that Gaona and Kennedy both willfully failed to collect, account for, or pay over the unpaid taxes, because they continued to operate the business and authorize payments with knowledge that M.S. Patrol owed the unpaid taxes to the IRS, and because they intentionally undercapitalized M.S. Patrol when they started the company.³³ Once a responsible person is aware of the outstanding tax liability, he has a duty to pay the taxes before making payments to any other creditors. *Logal*, 195 F.3d at 232; *Barnett*, 988 F.2d at 1457 (citing *Mazo v. United States*, 591 F.2d

---

²⁹Kennedy Depo. 28:2-3.

³⁰*Id.* 28:21-22:4.

³¹*Id.* 29:5-25.

³²*Id.* 24:18-26:2; 29:14-18.

³³Pl.'s Mot. against Gaona at 7-9; Pl.'s Mot. against Kennedy at 7. Because the Court can determine no issues of material fact regarding willfulness, and thus grant summary judgment on those grounds, the Court need not consider the undercapitalization argument.

1151, 1154 (5th Cir. 1979); *Howard*, 711 F.2d at 73. Evidence of failure to do so "establishes willfulness as a matter of law." *Barnett*, 988 F.2d at 1457 (citing *Howard*, 711 F.2d at 735). Reckless disregard of the risk that the taxes may not be paid also amounts to willfulness. *Logal*, 195 F.3d at 232 (citing *Gustin*, 876 F.2d at 492).

**1. Rodrigo Gaona**

Gaona testified in his deposition that he knew that the company was unable to pay its taxes, and he knew that the IRS had sent a letter inquiring about the outstanding taxes.[34] Even with this knowledge, Gaona continued to receive his salary,[35] as did M.S. Patrol's other employees.[36] Gaona testified that he and Kennedy authorized these salary payments as well as rent payments.[37] Gaona, Kennedy, and Forero kept M.S. Patrol in business and operating for three years after knowing about the unpaid taxes.[38]

The foregoing deposition testimony clearly establishes that Gaona willfully failed to collect and pay the taxes due to the IRS. *See Logal*, 195 F.3d at 232; *Barnett*, 988 F.2d at 1457 (citing *Mazo v. United States*, 591 F.2d 1151, 1154 (5th Cir. 1979); *Howard*, 711 F.2d at 73. Gaona has presented no evidence to dispute it. Thus, Gaona was a responsible person under 26 U.S.C. § 6672, and he willfully failed to collect and pay the taxes owed by M.S. Patrol. Accordingly, the Court GRANTS summary judgment to the government on its claim against Rodrigo Gaona.

---

[34] Gaona Depo. 22:18-24:11.

[35] *Id.* 23:18-20.

[36] *Id.* 28:1-11.

[37] *Id.* 51:10-52:1.

[38] *Id.* 24:17-25:9.

**2. Albert Kennedy**

The government has presented evidence that Kennedy signed at least five IRS Form 941s in 2004 showing that the taxes remained unpaid.[39] Kennedy testified in his deposition that he did not learn of the unpaid taxes until 2003 or 2004.[40] He argues that he would not have had knowledge before that, because the payroll information was kept behind lock and key by Gaona, who did not know whether Kennedy had a key.[41] He also claims that he did not prepare the tax returns, and he did not review the information on the Form 941s that Gaona presented for him to sign, because he was led to believe that the taxes were being paid.[29] Gaona testified that the form would have been filled out when Kennedy signed it, but he did not have any recollection of presenting any particular Form 941 for Kennedy's signature.[30]

If the only evidence of Kennedy's knowledge was the signatures on the Form 941s, there may be a dispute of material fact as to his knowledge and therefore his willfulness. Kennedy also testified at his deposition, however, that all employees continued to be paid all the way until the termination of the company, even after he learned about the unpaid taxes in 2003 or 2004.[31] He also testified that he signed payroll checks to Forero after he knew about the unpaid taxes.[32] Kennedy's admission that

---

[39]Ex. 5 to Pl.'s Mot. against Kennedy.

[40]Kennedy Depo. 54:2-12.

[41]Kennedy's Resp. at 6; Gaona Depo. 79:19-80:3.

[29]Kennedy's Resp. at 6; Kennedy Depo 43:2-44:4, 63:3-64:25.

[30]Gaona Depo. 76:16-77:6

[31]Kennedy Depo. 37:25-38:4.

[32]*Id.* 56:6-11.

he signed paychecks and knew that employees continued to get paid, even after knowing about the unpaid taxes, amounts to willfulness as a matter of law under Fifth Circuit precedent.[33] *See Mazo*, 591 F.2d at 1197; *Barnett*, 988 F.2d at 1457-58. Accordingly, the Court also GRANTS summary judgment to the government on its claim against Kennedy.

**Conclusion**

Summary judgment is GRANTED to the United States on its claim against Rodrigo Gaona and Albert Kennedy. All claims by the United States against both Kennedy and Gaona are disposed of by this order.[34] It is therefore ORDERED, ADJUDGED, and DECREED that Plaintiff United States of America recover from Defendant Rodrigo Gaona the amount of $381,230.72, plus interest and other statutory additions, including the 10% litigation surcharge authorized by 28 U.S.C. §3011.[35]

---

[33] Kennedy relies on a Sixth Circuit case, *Cline v. United States*, 997 F.2d 191 (6th Cir. 1993), for the proposition that "an officer of a company who did not occupy the dominant role of the financial affairs of the corporation and failed to cause others to pay the withholding taxes did not amount to willfulness under § 6672." Kennedy's Resp. at 6. However, this Court is bound by Fifth Circuit precedent which clearly holds that a responsible person acts willfully when he has knowledge of the unpaid taxes yet continues to make payments to unpaid creditors. *See Mazo*, 591 F.2d at 1197; *Barnett*, 988 F.2d at 1457-58.

[34] The government does not limit its claims against Kennedy to only those taxes unpaid after he gained knowledge, but rather claims unpaid taxes against Kennedy starting in September 2000. Pl.'s Compl. ¶¶ 7-8. The Court notes that the language of the statute provides for recovery against any person who "willfully fails to collect, truthfully account for, and pay over any tax..." 26 U.S.C. § 6672. Because Kennedy failed to truthfully account for and pay over all of the unpaid taxes, not just those which were assessed after him gaining knowledge that they were unpaid, there does not appear to be any basis to limit his liability. Kennedy has not argued or provided case law to suggest that the claim should be limited to only those periods after which he gained knowledge of the unpaid taxes.

[35] 28 U.S.C. § 3011 authorizes the government to recover "a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt," in any action or proceeding under Subchapter B or C of the Federal Debt Collection Procedure Act.

It is further ORDERED, ADJUDGED, and DECREED that Plaintiff United States of America recover from Defendant Albert Kennedy the amount of $326,101.01, plus interest and other statutory additions, including the 10% litigation surcharge authorized by 28 U.S.C. §3011.

It is ORDERED that Plaintiff shall recover its costs of the action from the Defendants. Plaintiff shall file its bill of costs in the form required by the Clerk of this Court within fourteen (14) days of the date of this judgment.[36]

Kennedy has also filed a cross-claim against Gaona for indemnity for any amounts that Kennedy may be held liable to the Plaintiff (Docket Entry No. 6). No party has filed a motion for summary judgment on that claim. Accordingly, Kennedy's cross-claim remains pending in anticipation of the July 18, 2011 trial date and July 7, 2011 pretrial conference set by this Court's May 19, 2011 order (Docket Entry No. 21). In light of this summary judgment order, if the remaining parties wish to continue the pretrial conference and/or trial date, the Court will consider timely motions to do so.

It is so ORDERED.

SIGNED this 5th day of July, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[36] Plaintiff is not permitted to recover attorney's fees in this case because it is recovering the 10% litigation surcharge. See 28 U.S.C. § 3011 (b).